UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NACHMAN NACHMENSON,

                              Plaintiff,

         v.

NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE,

                             Defendant.

**MEMORANDUM AND ORDER**

20-CV-2176 (LDH)(RML)

---

LASHANN DEARCY HALL, United States District Judge:

On May 12, 2020, Plaintiff Nachman Nachmenson filed this pro se action against the New York State Department of Taxation and Finance. (Compl., ECF No. 1) Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the limited purpose of this order.[1] (ECF No. 2.)

## BACKGROUND[2]

Plaintiff alleges that the State of New York has failed to deliver to him a tax refund check in the amount of $2,397. (Compl. at 5.) He called the New York State Department of Taxation and Finance on multiple occasions, including on March 17, 2020, April 6, 2020, and April 24, 2020. (*Id.* at 5-6.) In these phone calls, representatives of the agency claimed that the check was sent on December 12, 2019 and again on February 25, 2020, but was returned uncashed. (*Id.* at 5-7.) Plaintiff states: "After my conversation with [a supervisor on April 6, 2020] I realized that NY tax returns [*sic*] are racist and liar, crooks, and thieves." (*Id.* at 7.) He alleges: "they give service only to rich people, and the poor people Discriminated [sic] against, harassed and

---

[1] Plaintiff's IFP application claims zero income and $8 in cash or savings. In the space to provide his regular monthly expenses, Plaintiff states: "I am sick, not employed. Good people give me leftover food." In the spaces to indicate assets, persons whom he supports, or debts or financial obligations, Plaintiff states "NA." (ECF No. 2.)
[2] The following facts are taken from the complaint and assumed to be true for the purposes of this memorandum and order.

deceived and lied to." (*Id.* at 7.) Plaintiff states that, "I would like the federal make sure the New York state stop the abuse and resim [sic] against poor and sick people/ i [sic] would like the new york state to get punisht [sic] of 22,000,000 dollars to pay to the federal government for the all crimes. only in this way they will stop." (*Id.* at 4.)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised . . . by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a case "arising under the Constitution, laws, or treaties of the United States," or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The former, known as "federal

question jurisdiction," "may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

Where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

## DISCUSSION

Here, the parties are not diverse, and therefore the Court does not have jurisdiction over the claims pursuant to diversity jurisdiction. *See* 28 U.S.C. § 1332. The Court then searches for a federal question to supply jurisdiction. Plaintiff states generally that individuals at the New

York State Department of Taxation and Finance "are racist and liar, crooks, and thieves" and "they give service only to rich people, and the poor people Discriminated against, harassed and deceived and lied to." (Compl. at 7.)  The only allegation of this is that the New York State Department of Taxation and Finance failed to deliver to him a tax refund check in the amount of $2,397 despite numerous inquiries made to the State about the check.  (*Id.* at 5-6.)  Most liberally, the Court construes Plaintiff as bringing an equal protection claim against the New York State Department of Taxation and Finance for its selective withholding of his tax return check.  His claim fails.

To start, the State of New York is immune from suit under the Eleventh Amendment, which bars suits for damages against states, state agencies, and state officials acting in their official capacity, unless the state consents to be sued or Congress has created an exception to sovereign immunity.  *See Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (explaining that "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. . . .We have recognized, however, that Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." (internal quotations, modifications, and citations omitted)).  Plaintiff has not identified any such waiver of sovereign immunity that would permit him to bring suit against the State of New York or any of its agencies because of the failure to deliver a tax refund check.  Accordingly, the New York State Department of Taxation and Finance is dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

Furthermore, even if Plaintiff were to identify an applicable exception to the doctrine of sovereign immunity, his equal protection claim would still fail.  The Equal Protection Clause of

the Fourteenth Amendment to the United States Constitution reads, "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The Equal Protection Clause "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). "To prove an equal protection violation, claimants must prove purposeful discrimination, directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) (internal citation omitted). Plaintiff does not identify that he is the member of any class, and thus, he appears to bring a claim as a "class of one."

The Supreme Court has recognized that "successful equal protection claims may be brought by a class of one." *Aliberti v. Town of Brookhaven*, 876 F. Supp. 2d 153, 161 (E.D.N.Y. 2012) (internal quotations and modifications omitted) (quoting *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)).  To succeed on a class-of-one claim, a plaintiff must establish that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006).  In a class-of-one context, the plaintiff uses "the existence of persons in similar circumstances who received more favorable treatment than the plaintiff ... to provide an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose—whether personal or otherwise—is all but certain." *Eskenazi-McGibney v. Connetquot Cent. Sch. Dist.*, 84 F. Supp. 3d 221, 236 (E.D.N.Y. 2015) (quoting *Prestopnik v. Whelan,* 249 Fed. App'x 210, 212–13 (2d Cir. 2007)).  Plaintiff's class-of-one equal protection

5

claim is woefully deficient. Plaintiff offers no allegations with respect to any similar-situated tax filers who were treated differently than him. Accordingly, Plaintiff's equal protection claim is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("[A] district court shall dismiss an *in forma pauperis* action where it is satisfied that the action . . . fails to state a claim on which relief may be granted).

This is Plaintiff's sixth civil action to be dismissed for failure to state a claim or for lack of subject matter jurisdiction. *See Nachmenson v. Homeland Security*, No. 16-CV-7204 (LDH) (RML), slip ops. (E.D.N.Y. Mar. 22, 2017 and Apr. 24, 2017) (dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Nachmenson v. Diaz*, No. 17-CV-738 (LDH) (RML), 2017 WL 4736733, at *4 (E.D.N.Y. Oct. 19, 2017) (dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Nachmenson v. NYPD 77th Precinct*, No. 17-CV-3637 (LDH) (RML), 2017 WL 4574478 at *3 (E.D.N.Y. Oct. 11, 2017) (dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)), *reconsideration denied*, slip op. (E.D.N.Y. Sept. 17, 2018); *Nachmenson v. Page Plus Cellular*, 17-CV-4152 (LDH) (RML), slip op. (E.D.N.Y. Feb. 2, 2018) (dismissed for lack of subject matter jurisdiction); *Nachmenson v. Israel*, 17-CV-5485 (LDH) (RML), slip op. (E.D.N.Y. Dec. 7, 2017) (dismissed for lack of subject matter jurisdiction). The federal courts have limited resources. Frequent frivolous filings diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). Plaintiff is warned that the future filing of vexatious

and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without prejudice for lack of subject matter jurisdiction and failure to state a claim. In light of his pro se status, Plaintiff is granted leave to file an amended complaint within 30 days from the entry of this memorandum and order. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this memorandum and order. Failure to file an amended complaint with 30 days, as directed by this memorandum and order, will result in dismissal of Plaintiff's case for failure to prosecute.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      August 28, 2020

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge